## THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:  RFC and ResCap Liquidating Trust Litigation | Court File No. 13-cv-3451 (SRN/HB) |
| | **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT HOME LOAN CENTER, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| *This document relates to:* ResCap Liquidating Trust v. Home Loan Center, Inc., No. 14-cv-1716 (SRN/HB) | |

Plaintiff ResCap Liquidating Trust ("**Plaintiff**") respectfully submits this memorandum in opposition to Defendant Home Loan Center, Inc.'s ("**HLC**") Renewed Motion for Judgment as a Matter of Law [Doc. No. 5150] ("Motion").  For the reasons stated on the record at trial and in the Court's well-reasoned orders, including the Omnibus Order Re: Rule 50(a) JMOL Motions [Doc. No. 5131] ("**JMOL Order**"), Memorandum Opinion and Order [Doc. No. 4471] ("***Daubert* Order**"); and Memorandum Opinion and Order on Common-Issue Motions for Summary Judgment [Doc. No. 4307] ("**SJ Order**"), as well as Plaintiff's prior submissions and arguments, HLC's Motion should be denied.

## ARGUMENT

*First*, HLC is not entitled to judgment as a matter of law with respect to the Ambac and Syncora Settlements.  The sampling methodology of Plaintiff's expert, Dr. Karl Snow, provided a sufficiently reliable basis for determining an aggregated breach rate and extrapolating that breach rate across the Settlements.  *See Daubert* Order at 11–14; SJ Order at 176; Trial Tr. 2422–2423.  Moreover, Plaintiff's unrebutted fact and expert testimony established causation as a matter of law, *see* JMOL Order at 25–29, and HLC's

arguments regarding the Ambac and Syncora Settlements go to the credibility of Plaintiff's expert and the weight of the evidence regarding damages, which remained for the jury to decide, *see* JMOL Order at 27; Trial Tr. 2422. Plaintiff incorporates by reference all of its prior arguments. *See, e.g.,* Trial Tr. 2412–2415, 2420–2422, 2889-2902; Pl.'s Causation Br. [Doc. No. 4674]; Pl.'s Mem. in Supp. Mot. Summ. J. on Common Issues ("**Pl.'s SJ Mem.**") [Doc. No. 3243] at 46–52; Pl.'s Mem. in Opp'n Mot. Summ. J. on Common Issues ("**Pl.'s SJ Opp'n**") [Doc. No. 3720] at 61–66; Pl.'s SJ Reply [Doc. No. 3909] at 26–28; Pl.'s Mem. in Opp'n Mot. to Exclude Experts ("**Pl.'s *Daub.* Opp'n**") [Doc. No. 3713] at 1–19.

*Second*, HLC is not entitled to judgment as a matter of law based on its argument that "Plaintiff failed to present sufficient evidence for a jury to award damages with a reasonable degree of certainty with respect to either the Trust Settlement or the Monoline Settlements" (HLC JMOL Br. at 1). Dr. Snow's allocated breaching loss damages model provided the jury with a non-speculative basis for determining damages as to the Settlements. *See* SJ Order at 149–151, 163–176; *Daubert* Order at 7; Trial Tr. 2422–2423. Moreover, Plaintiff met its burden of proof regarding damages, and HLC's arguments go to the weight of the evidence. Trial Tr. 2422. Plaintiff incorporates by reference all of its prior arguments. *See, e.g.*, Trial Tr. 2413–2415; 2420–2422; Pl.'s SJ Opp'n at 4, 11–30; Pl.'s *Daub.* Opp'n at 1–19.

*Third*, HLC is not entitled to judgment as a matter of law with respect to the MBIA Settlement. Among other things, (1) HLC never raised the aiding and abetting fraud claim

during trial and failed to cross-examine Plaintiff's expert Donald Hawthorne regarding the

claim; (2) HLC's argument was based solely on hearsay allegations in the MBIA proof of

claim, which the Court properly instructed the jury that they could not consider for the truth

of the matter asserted therein; (3) there was no evidence at trial that the aiding and abetting

claim was material or had any value; and (4) RFC was under no obligation to allocate this

immaterial claim in order to articulate a reasonably certain measure of damages. *See* JMOL

Order at 6–7.  Plaintiff incorporates by reference all of its prior arguments. *See, e.g.*, Pl.'s

Opp'n to Def.'s JMOL [Doc. No. 4688]; Trial Tr. 3338–3349.

*Fourth*, HLC is not entitled to judgment as a matter of law based on the arguments

it raised on summary judgment.  Among other things:

(1)  Plaintiff presented the jury with a non-speculative basis for allocating the Trust
Settlement based on expert testimony, including Dr. Snow's allocated
breaching loss damages methodology. *See, e.g.*, SJ Order at 149–150, 163–
176; Pl.'s SJ Opp'n at 4, 11–30.

(2)  Plaintiff presented the jury with a non-speculative basis for allocating the
Monoline Settlement based on expert testimony, including Dr. Snow's
allocated breaching loss damages methodology. *See, e.g.*, SJ Order at 149–151,
163–176; Pl.'s SJ Opp'n at 4, 11–30.

(3)  Plaintiff is entitled to indemnity notwithstanding assertions of RFC's alleged
misconduct, because there has been no finding that RFC engaged in fraud or
other misconduct with respect to the claims underlying the Settlements, and the

Client Guide expressly permits RFC to seek indemnification for its own negligence. *See, e.g.*, SJ Order at 31–42; Pl.'s SJ Mem. at 44–46; Pl.'s SJ Opp'n at 34–41; Pl.'s SJ Reply at 25.

(4) Plaintiff's indemnity claim for loans sold before May 14, 2006 is not time-barred, because the claim did not accrue under Minnesota law until at least December 2013. *See, e.g.*, SJ Order at 139–142, 145–148; Pl.'s SJ Opp'n at 54.

(5) Plaintiff is not barred from recovering on "expired loans," because the Client Guide provides that RFC's rights and remedies survive loan liquidation. *See, e.g.*, SJ Order at 42–50; Pl.'s SJ Opp'n at 55–61.

(6) Plaintiff's liabilities relating to credit grade and documentation representations and warranties ("pool-wide representations") are indemnifiable. *See, e.g.*, SJ Order at 100–103; Pl.'s SJ Opp'n at 41–47.

(7) Plaintiff's Settlement with MBIA was reasonable and is indemnifiable. *See, e.g.*, JMOL Order at 7–21; Trial Tr. 2912–27, 2953–2958, 2973–2984; Pl.'s Reasonableness & Servicing Br. at 1-14 [Doc No. 4673]; Pl.'s SJ Opp'n at 47–49.

(8) Plaintiff was properly permitted to use statistical sampling to establish liability, rather than loan-by-loan proof, because statistical sampling is an accepted method of proving liability in RMBS cases involving large amounts of mortgage loans, and Dr. Snow's sampling methodology was reliable. *See, e.g.*,

SJ Order at 57–69; Pl.'s SJ Mem. at 46–52; Pl.'s SJ Opp'n at 61–66; Pl.'s SJ Reply at 26–28.

(9) Plaintiff is entitled to indemnity for all losses and liabilities incurred on breaching loans under the Client Guide.  *See, e.g.*, SJ Order at 50–57, 81–90; Pl.'s SJ Mem. at 16–25; Pl.'s SJ Opp'n at 5–8; 50–52; Pl.'s SJ Reply at 9–19.

(10) Plaintiff's expert opinions are admissible.  *See, e.g.*, *Daubert* Order at 5–14, 25–45; Pl.'s *Daub.* Opp'n at 1–19, 38–54.

In addition to all the expressly referenced prior arguments and order passages cited above, and whether or not expressly referenced herein, Plaintiff incorporates in their entirety by reference all of its prior arguments, as well as the holdings set forth in the Court's prior written and oral decisions, on all the issues relevant to this motion.  *See generally, e.g.*, Pl.'s SJ Mem.; Pl.'s SJ Opp'n; Pl.'s SJ Reply; Pl.'s *Daub.* Opp'n.; JMOL Order; SJ Order; *Daubert* Order.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny HLC's Motion.

Dated:  July 12, 2019

SPENCER FANE LLP

By:   _/s/ Jessica J. Nelson_____
     Donald G. Heeman, #286023
     Jessica J. Nelson, #347358
     Randi J. Winter, #0391354
     150 South Fifth Street, Suite 1900
     Minneapolis, MN  55402
     Telephone:  (612) 268-7000
     Facsimile:  (612) 268-7001
     dheeman@spencerfane.com
     jnelson@spencerfane.com
     rwinter@spencerfane.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Kathleen M. Sullivan (*pro hac vice*)
Peter E. Calamari (*pro hac vice*)
Jennifer J. Barrett (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
Isaac Nesser (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
kathleensullivan@quinnemanuel.com
petercalamari@quinnemanuel.com
jenniferbarrett@quinnemanuel.com
saccharand@quinnemanuel.com
isaacnesser@quinnemanuel.com

CARPENTER LIPPS & LELAND LLP
Jeffrey A. Lipps (*pro hac vice*)
Jennifer A.L. Battle (*pro hac vice*)
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone:  (614) 365-4100
Facsimile:  (614) 365-9145
lipps@carpenterlipps.com
battle@carpenterlipps.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
William C. Price (*pro hac vice*)
K. John Shaffer (*pro hac vice*)
Anthony P. Alden (*pro hac vice*)
Matthew Scheck (*pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
williamprice@quinnemanuel.com
johnshaffer@quinnemanuel.com
anthonyalden@quinnemanuel.com
matthewscheck@quinnemanuel.com

*Attorneys for Plaintiff ResCap Liquidating Trust*